UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON KEITH BASKETT,<br><br>           Petitioner,<br><br>      v.<br><br>JOHN SOTO, *Warden*,<br><br>           Respondent. | Case No. ED CV 15-1829 PSG (JCG)<br><br>**ORDER (1) ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND (2) DENYING HABEAS PETITION, CERTIFICATE OF APPEALABILITY, AND EVIDENTIARY HEARING** |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation ("R&R"), Petitioner's Objections to the R&R, and the remaining record, and has made a *de novo* determination.

      In his Objections, Petitioner opposes the R&R's conclusion that the Petition is untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Objections at 1-17.) Petitioner raises three arguments, all of which must fail.

      First, Petitioner argues that, under California law, an "unauthorized sentence" may be corrected any time. (*Id.* at 1-2.) However, the timeliness of a federal habeas petition is determined not by state law, but rather by federal law, specifically the AEDPA. *See* 28 U.S.C. § 2244(d)(1)(A-D).

1

Second, Petitioner contends that the Petition's delay should be excused because of its reliance on a recent California Supreme Court decision, *People v. Chiu*, 59 Cal. 4th 155 (2014). (Objections at 4, 8-9, 14-17.) However, *Chiu* is not a United States Supreme Court decision newly recognizing (and retroactively applying) a constitutional right, and so *Chiu* cannot delay the date that Petitioner's AEDPA limitation period began to run. *See* 28 U.S.C. 2244(d)(1)(C).

Third, Petitioner argues that his Petition is rendered timely by statutory tolling, because his state habeas petitions are entitled to the benefit of the mailbox rule. (Objections at 3.) Here, the Magistrate Judge used the mailbox rule to calculate the date that Petitioner filed his Second State Petition.[1] (*See* Pet at. 4, 61; R&R at 1, 2, 4.) And, regarding his First State Petition, Petitioner has provided the Court with (1) no evidence to support any specific earlier filing date, and (2) no evidence to support the implausible argument that Petitioner could have mailed his petition *more than three weeks* before the California Supreme Court received it. (*See* Pet. at 4; R&R at 1-2); *see also* http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2093608&doc_no=S222741.

Thus, on this record, the Court finds that the Petition is untimely.

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered denying the Petition and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation and above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a

---

[1] The Court notes that the second page of the R&R mistakenly lists the Second State Petition's filing date as April 23, 2014, rather than April 23, 2015. (*See* R&R at 2.) Nevertheless, the Magistrate Judge's timeliness analysis is based on the correct filing date and is – but for the clerical error – correct. (*See id.* at 4.)

constitutional right"; and (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.

Nor is Petitioner entitled to an evidentiary hearing. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (AEDPA "requires an examination of the state court-decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court.").

DATED:   11/4/2015                    _____
                                      HON. PHILIP S. GUTIERREZ
                                      UNITED STATES DISTRICT JUDGE